IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES HENRY RINCKER,                                           CV. 04-6410-MO

        Plaintiff,                                    ORDER

    v.

OREGON DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

MOSMAN, District Judge.

This 42 U.S.C. § 1983 civil rights action comes before the court on defendants' Motion to Dismiss (#15) and Motion for Judgment on the Pleadings (#17).

## I. <u>Unenumerated 12(b) Motion to Dismiss (#15)</u>.

In their Motion to Dismiss, defendants contend that plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act. Specifically, defendants argue that the conditions of plaintiff's confinement which led to this cause of action were known to him more than two years before

1 - ORDER

he filed his first prison grievance. Because prison regulations require an inmate to file a grievance within 30 days of the date giving rise to the grievance, prison officials denied plaintiff's grievance on the basis that it was untimely. Affidavit of Aaron Bales, pp. 11-12. Although plaintiff attempted to appeal the denial, the appeal was rejected. Id at 12. Defendants contend that because plaintiff failed to fairly present his grievance to prison officials in a context in which they would consider the merits of his issues, he failed to exhausted his administrative remedies.

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." However, the exhaustion requirement of the Prison Litigation Reform Act does not contain a procedural default element. Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005). Accordingly, although plaintiff's grievance was denied on procedural grounds, the denial does not preclude him from filing a federal lawsuit because his avenues for relief within the prison grievance system are "exhausted." Defendants Unenumerated 12(b) Motion to Dismiss is denied.

///

///

## II. **Motion for Judgment on the Pleadings (#17)**.

Defendants also ask the court to enter judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on plaintiff's due process claim for failure to state a claim. A motion for judgment on the pleadings should be granted where it appears that the moving party is entitled to judgment as a matter of law. Fajardo v. County of L.A., 179 F.3d 698, 699 (9th Cir. 1999). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Id.

In this case, plaintiff alleges that after a four-month stay in the Disciplinary Segregation Unit ("DSU"), he was moved to the general population at the Oregon State Penitentiary. According to plaintiff, he was then transferred, without any process, to the Intensive Management Unit ("IMU") as a result of a custody classification. He asserts that the conditions within the IMU are as severe as those in the DSU, despite the fact that placement in the DSU occurs only after an inmate is found guilty of violating a disciplinary rule. Plaintiff alleges that defendants are using the IMU to punish him without process, and specifically alleges that his placement in IMU for more than two years in these circumstances constitutes an atypical and significant hardship on him in relation to the ordinary incidents of prison life.

Citing Sandin v. Conner, 515 U.S. 472 (1995) and other

3 - ORDER

preceding cases, defendants contend that plaintiff has no liberty interest in being free from placement in the IMU.  In Sandin, the Court held that the Due Process Clause protects the liberty interests of prisoners where the contemplated restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id at 483.  The Court determined that the placement of an inmate in the DSU for 30 days "did not work a major disruption on his environment," therefore the inmate did not have a protected liberty interest.  Id at 486.

In contrast to plaintiff Sandin who was housed within the DSU for only 30 days, plaintiff in this case was placed in the IMU on February 22, 2002. Defendants represent that at the time plaintiff filed his grievance pertaining to the conditions of his IMU confinement on August 4, 2004, he "had been housed in IMU since February 2002."  Affidavit of Aaron Bales, p. 11.  It is unclear whether plaintiff remains in the IMU to this day.  Plaintiff's allegations are that: (1) the IMU at the Oregon State Penitentiary has conditions as severe as those found in the DSU; (2) defendants have placed him in the IMU so that they may subject him to the punishment of the DSU without the need to afford him any process; and (3) his placement in the IMU lasted at least 17 months. Given these allegations, the court cannot conclude from the pleadings that plaintiff had no liberty interest giving rise to his due

process claim. Accordingly, defendants' Motion for Judgment on the Pleadings is denied.

## **CONCLUSION**

Defendants' Unenumerated 12(b) Motion to Dismiss (#15) and Motion for Judgment on the Pleadings (#17) are DENIED. The Clerk of the Court is DIRECTED to issue a Scheduling Order as well as a Summary Judgment Advice Notice.

IT IS SO ORDERED.

DATED this <u>22nd</u> day of July, 2005.

                           /s/ Michael W. Mosman
                              Michael W. Mosman
                              United States District Judge